IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

QUANDOM BENN                                               PETITIONER

v.                                                         CIVIL NO. 2:23-cv-54-HSO-BWR

STATE OF MISSISSIPPI                                  RESPONDENT

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I. BACKGROUND

Pro se Petitioner Quandom Benn ("Petitioner"), an inmate of the Forrest County Jail in Hattiesburg, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the sentence he received in the Circuit Court of Forrest County, Mississippi, on February 17, 2023. *See* Pet. [1] at 1; Attach. [3-1] at 1.

On April 6, 2023, the Magistrate Judge entered an Order [2] directing Petitioner to file an application to proceed without prepaying fees, or to pay the $5.00 filing fee. Order [2] at 1. Petitioner was directed to file an application or pay the filing fee on or before May 5, 2023. *Id*. The Magistrate Judge's Order [2] warned Petitioner that "his failure to timely comply with the requirements of

this order may lead to the dismissal of the petition." *Id.* Petitioner did not file an application to proceed without prepaying fees or pay the $5.00 filing fee.

On May 22, 2023, the Magistrate Judge entered an Order to Show Cause [5] which required that, on or before June 6, 2023, Petitioner: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [2]; and (2) comply with the Court's previous Order [2] by paying the $5.00 filing fee or submitting a completed application to proceed *in forma pauperis*. Order to Show Cause [5] at 2. Petitioner was warned that "failure to advise the Court of a change of address or failure to timely comply with any Order of the Court will be deemed as a purposeful delay and contumacious act by Petitioner and may result in this cause being dismissed without prejudice." *Id.* On June 6, 2023, the envelope [6] containing the Order to Show Cause [5] was returned by the postal service stating, "RETURN TO SENDER, IN DISPUTE, UNABLE TO FORWARD." Mail Returned [6] at 1. The envelope [6] also had a stamped notation reading, "Return to Sender, Addressee Not Housed At Forrest County Adult Detention Center." *Id.* Petitioner did not respond to the Order to Show Cause [5], file a change of address, or otherwise contact the Court about this case.

Since Petitioner is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [2], [5].

2

On June 22, 2023, the Magistrate Judge entered a Second and Final Order to Show Cause [7] which required that, on or before July 14, 2023, Petitioner: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [2], [5]; and (2) comply with the Court's previous Orders [2], [5] by paying the $5.00 filing fee or filing a completed motion to proceed *in forma pauperis*. Second and Final Order to Show Cause [7] at 2-3. Petitioner was warned that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this cause being dismissed without prejudice and without further notice to Petitioner."[1] *Id*. at 3. Petitioner did not respond to the Second and Final Order to Show Cause [7] or otherwise contact the Court about his case, and Petitioner has taken no action in the case since April 24, 2023.

## II. DISCUSSION

The Court has the authority to dismiss an action for a petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court's

---

[1] The envelope containing the Second and Final Order to Show Cause [7] addressed to Petitioner at his last known address has not been returned as undeliverable.

3

authority to dismiss an action for failure to prosecute extends to habeas corpus petitions. *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Petitioner did not comply with three Court Orders or supply the Court with a current address after being warned that failing to do so would result in the dismissal of his lawsuit. *See* Second and Final Order to Show Cause [7] at 3; Order to Show Cause [5] at 2; Order [2] at 2. Despite these warnings, Petitioner has not contacted the Court or taken any action in the case since April 24, 2023, when he filed an Attachment to his Petition for Habeas Relief [3]. Such inaction represents a clear record of delay or contumacious conduct, and it is apparent that Petitioner no longer wishes to pursue this case. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

4

III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREFERENCE** for failure to obey the Court's Orders and to prosecute.   A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 27th day of July, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE